<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANNETTE S., | |
| Plaintiff, | |
| v. | Case No. 2:21-cv-10614 (BRM) |
| COMMISSIONER OF SOCIAL SECURITY, | **OPINION** |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is an appeal by Plaintiff Annette S. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner"),[1] denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(f), and for the reasons set forth below and for good cause shown, the Commissioner's decision is **AFFIRMED**.

**I.     BACKGROUND**

This case arises out of Plaintiff's challenge to the administrative decision of the Commissioner regarding her application for a period of disability, disability insurance benefits,

---

[1] Upon the Appeals Council's Order denying Plaintiff's request for a review of the decision of Administrative Law Judge ("ALJ"), the ALJ's decision became the final decision of the Commissioner. (ALJ Hearing Decision, Tr. 1.)

and supplemental security income. Plaintiff alleges she became disabled and was unable to work because she suffers from degenerative disc disease, osteoarthritis, obesity, and bipolar disorder. (Compl. (ECF No. 1) ¶ 4.) Plaintiff is claiming both physical and mental disability. (Tr. 887.)

In May and June 2014, Plaintiff applied for disability and supplemental income benefits, respectively, alleging onset of disability beginning March 21, 2014. (*Id.* at 22.) The claim was denied initially and upon reconsideration on April 1, 2015. (*Id.*) Plaintiff filed a written request for a hearing on April 7, 2015. (*Id.*) On March 17, 2017, Plaintiff appeared and testified at a hearing before Administrative Law Judge Richard West ("ALJ West"). (*Id.*) An impartial vocational expert also appeared and testified at the hearing. (*Id.*) On September 8, 2017, ALJ West issued a decision finding Plaintiff was not disabled. (*Id.* at 19–35.) On April 16, 2018, the Appeals Council denied Plaintiff's request for review of her appeal. (*Id.* at 1–7.) On June 13, 2018, Plaintiff filed a civil action in the United States District Court for the District of New Jersey. (*Id.* at 942.) On July 9, 2019, the Honorable John M. Vasquez issued an Opinion and Order, remanding the action to the Commissioner, finding ALJ West "improperly assessed [Plaintiff]'s obesity impairment." (*Id.* at 925–37.) On August 27, 2019, the Appeals Council vacated the decision of ALJ West and remanded the action to be heard before ALJ Marguerite Toland ("ALJ Toland").[2] (*Id.* at 943–47.) A hearing before ALJ Toland was held on June 12, 2020. (*Id.* at 899–922.) Plaintiff appeared at the hearing and amended her claims to a period of disability from April 8, 2016 through January 1, 2018. (*Id.* at 903.) Plaintiff was 51 years old at the time of the hearing. (*Id.* at 887.) She has an eleventh-grade education and past relevant work experience as a home health care aide. (*Id.* at 46–

---

[2] The Appeals Council directed ALJ Toland to offer Plaintiff the opportunity for a hearing to address the additional evidence submitted and to take any further action needed to complete the administrative record and issue a new decision. (Tr. 881.)

47, 908, 919.) Dr. Gammal Hassanien, her treating physician, and Dr. Daniel Bascara, her treating psychiatrist, offered their medical opinions on Plaintiff's condition and limitations. (*Id.* at 27, 889.)

As reflected in her written decision dated July 1, 2020, ALJ Toland, after considering the entire record, made the following determinations concerning Plaintiff:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant did not engage in substantial gainful activity during the referenced period of March 21, 2014 through December 31, 2017. The claimant returned to work and began engaging in substantial gainful activity as of: January 1, 2018, and through the date of this decision (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*)
>
> 3. There was a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity, from March 21, 2014 through December 31, 2017, i.e., the "referenced period". The remaining findings address this period during which the claimant did not engage in substantial gainful activity.
>
> 4. During the referenced period of March 21, 2014 through December 31, 2017, the claimant had the following severe impairments: degenerative joint disease of the right knee, status post right knee arthroscopic surgery; osteoarthritis of the left knee with tendinosis; a;tear [sic] of the posterior horn of the medial meniscus of the left knee, left knee bursitis; tendinopathy of the Achilles tendon in the left ankle; obesity and major depressive disorder with psychotic features (20 CFR 404.1520(c) and 416.920(c)).
>
> 5. During the referenced period of March 21, 2014 through December 31, 2017, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 6. After careful consideration of the entire record, the undersigned finds that, during the referenced period of March 21, 2014 through December 31, 2017, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as follows: she could sit up to 6 hours per day but no more than 1 hour at a time. She would then

3

need to stand or shift positions for 5 minutes every hour, while remaining on task. She could only occasionally climb ramps and stairs. She could only occasionally stoop. She could only occasionally kneel. She could never crawl. She would be limited to low stress work (defined as unskilled work involving simple, routine tasks having no fast production rate pace and no strict production quotas).

7. During the referenced period of March 21, 2014 through December 31, 2017, the claimant was unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8. The claimant was born on December 12, 1968 and was 45 years old on the alleged disability onset, and a younger individual age 45-49, during the referenced period of March 21, 2014 through December 31, 2017 (20 CFR 404.1563 and 416.963).

9. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). The claimant did not attain age 50 until after the referenced period of March 21, 2014 through December 31, 2017.

11. Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy during the referenced period of March 21, 2014 through December 31, 2017, that the claimant could have performed (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

12. The claimant was not been [sic] under a disability, as defined in the Social Security Act, during the referenced period of March 21, 2014 through December 31, 2017, and through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(*See id.* at 883–91). Accordingly, on July 1, 2020, ALJ Toland denied Plaintiff's application for

benefits, finding Plaintiff was not disabled. (*Id.* at 878–98.)

4

Having exhausted her administrative remedies, Plaintiff filed an appeal with this Court on May 3, 2021. (ECF No. 1.) The administrative record is set forth in the transcript. (ECF No. 8.) On February 7, 2022, Plaintiff filed a memorandum of law in support of her appeal. (ECF No. 18.) On March 24, 2022, the Commissioner filed opposition. (ECF No. 19.)

## II.   STANDARD OF REVIEW

On a review of a final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court if supported by "substantial evidence" in the record. *Id.*; *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003). The Supreme Court reaffirmed this understanding of the substantial evidence standard in *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Accordingly,

this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

## III.   THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Act establish a five-step process for determining whether a claimant is disabled for purposes of disability insurance. 20 C.F.R. § 404.1520.[3] First, the ALJ determines whether the claimant has shown he or she is not currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b); *see Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *Id.*; *see also Bowen*, 482 U.S. at 140. Second, the ALJ

---

[3] Regulations for disability insurance and supplemental income benefits are virtually identical. For the purposes of this appeal, further citations will only be made to the disability insurance benefits regulations regarding disability evaluation, 20 C.F.R. § 404.1501, *et seq*. The parallel supplemental income benefits regulations are found under 20 C.F.R. § 416.901, *et seq*.

determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c); *see Bowen*, 482 U.S. at 140–41. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). These activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;
>
> (3) Understanding, carrying out, and remembering simple instructions;
>
> (4) Use of judgment;
>
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
>
> (6) Dealing with changes in a routine work setting.

*Id.* A claimant who does not have a severe impairment is not considered disabled. 20 C.F.R. § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. § 404, Subpart P, App'x 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates his or her impairments are equal in severity to, or meet, those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See* 20 C.F.R. § 404.1520(d); *see also Bowen*, 482 U.S. at 141. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526. If there is more than one impairment, the ALJ then must consider whether the combination of

impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams v. Sullivan*, 970 F.2d, 1178, 1186 (3d Cir. 1992).

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the residual functional capacity ("RFC") to perform his or her past relevant work. 20 C.F.R. § 404.1520(e)–(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, an ALJ's consideration of medical opinion evidence is subject to the framework articulated at Section 404.1527 (for claims filed before March 27, 2017) or Section 404.1520c (for claims filed after March 27, 2017).[4]

---

[4] Regulations for disability insurance and supplemental income benefits are virtually identical. For claims filed before March 27, 2017, Section 404.1527, and its supplemental income benefits counterpart Section 416.927, outline the framework for consideration of medical opinions and prior administrative medical findings. Under these regulations, opinions from treating physicians are given preference. When determining RFC pursuant to this framework, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679–80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429)). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an ALJ must provide the reason for giving more or less weight to the evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1520(a)(4)(v). In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.*; 20 C.F.R. § 404.1523. Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings[.]" *Id.* at 263 n.2; *see Bowen*, 482

---

Sections 404.1520c, and its supplemental income benefits counterpart Section 416.920c, are effective for cases filed on or after March 27, 2017. These regulations "eliminated the hierarchy of medical source opinions that gave preference to treating sources." *David K. v. Kijakazi*, Civ. A. No. 20-12419, 2022 U.S. Dist. LEXIS 13989, at *21 (D.N.J. Jan. 25, 2022). Under these regulations the following factors are considered for all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency means the extent to which a medical opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

U.S. at 146–47 n.5. An administrative law judge bears the burden of proof for the fifth step. *Id.* at 263.

On appeal, the harmless error doctrine[5] requires a plaintiff to show, as to the first four steps: (1) an error occurred; and (2) but for that error, she might have proven her disability. *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). In other words, when reviewing an appeal based on the first four steps, a court considers whether the plaintiff articulated a basis for a decision in her favor, based on the existing record. If the plaintiff cannot, it is unlikely she will meet her burden of showing an error was harmful. *See e.g., Lippincott v. Comm'r of Soc. Sec.*, 982 F. Supp. 2d 358, 380 (D.N.J. 2013) (finding ALJ's error was harmless); *Powers v. Comm'r of Soc. Sec.*, Civ. A. No. 19-21970, 2021 U.S. Dist. LEXIS 62340, at *20 (D.N.J. Mar. 31, 2021) (finding the plaintiff had not demonstrated she was prejudiced by the ALJ's decision and had not shown an error occurred amounting to harm).

The court's review of legal issues within this appeal is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes*, 228 F.3d at 262. Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). Substantial evidence also "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted). When

---

[5] The Supreme Court explained its operation in a similar procedural context in *Shinseki v. Sanders*, 556 U.S. 396, 408–11 (2009) which concerned review of a governmental agency determination. The Supreme Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Id.* at 409. In such a case, "the claimant has the 'burden' of showing that an error was harmful." *Id.* at 410.

substantial evidence exists to support the Commissioner's factual findings, this Court must abide by those determinations. *See id.* (citing 42 U.S.C. § 405(g)).

## IV.  DECISION

Plaintiff challenges ALJ Toland's disability determination, arguing ALJ Toland: (1) failed to properly weigh medical opinions for determining Plaintiff's RFC; (2) failed to properly evaluate Plaintiff's testimony; and (3) improperly relied on a hypothetical question to the vocational expert. (ECF No. 18 at 22–41.) The Court addresses each in turn.

### A.  Medical Opinions

Plaintiff argues ALJ Toland failed to properly weigh the medical opinions of Dr. Hassanien, her treating physician, and Dr. Bascara, her treating psychiatrist. (ECF No. 18 at 22–35.) The Commissioner argues ALJ Toland's consideration of the medical opinions was appropriate and, because substantial evidence supports the ALJ's finding, there is no basis for remand. (ECF No. 19 at 8–10.)

As a general rule, the Regulations require an ALJ to afford great, even controlling, weight to opinions from a treating medical expert. *See* 20 C.F.R. § 404.1527(c). Controlling weight historically meant "the claimant's treating physician's diagnoses and findings regarding the degree of claimant's impairment are binding on the ALJ unless there is substantial evidence to the contrary." *Arzuaga v. Bowen*, 833 F.2d 424, 426 (2d Cir. 1987). Substantial evidence is "relevant evidence which a reasonable mind might deem adequate to support a conclusion." *Newhouse*, 753 F.2d at 285. A district court is "bound by the Secretary's findings of fact if they are supported by 'substantial evidence.'" *Id.* (citing 42 U.S.C. § 405(g)).

While it is well-settled that treating physicians are in a unique position to assess the claimant's limitations, in the Third Circuit "the opinion of a treating physician does not bind the

ALJ." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Rather, pursuant to 20 C.F.R. § 404.1527(c)(2), a treating source's opinion will be given controlling weight only if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." A treating source's conclusory medical opinions, however, will not be given controlling weight. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366–67 (3d Cir. 1984). When controlling weight is not warranted, several factors are used to determine the weight given to the medical opinion including: the length, nature, and extent of the treatment relationship; supportability by the medical evidence; consistency with the record as a whole, specialization of the source of the medical opinion; and any other factor which tends to support or contradict the medical opinion. 20 C.F.R. § 404.1527(c)(2)-(6). "The ALJ's finding must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Buckley v. Astrue*, Civ. A. No. 09-5058, 2010 U.S. Dist. LEXIS 77944, *25 (D.N.J. Aug. 3, 2010) (quoting *Cotter v. Harris*, 642 F.2d 700 (3d Cir. 1981)).

Here, ALJ Toland considered the medical opinions of Dr. Hassanien and Dr. Bascara and accorded partial weight to both opinions. (Tr. 889.) Dr. Hassanien opined Plaintiff was limited to less than sedentary work with environmental limitations. (*Id.*) He further found Plaintiff would frequently lose concentration, be absent more than four days per month, and required unscheduled breaks. (*Id.*) Dr. Bascara, who opined Plaintiff demonstrated an inability to meet competitive standards in various mental aptitudes needed for engaging in work activity, also offered an opinion stating that Plaintiff would be absent up to four days per month. (*Id.*) ALJ Toland found support for Dr. Hassanien's opinion regarding her limitation to less than sedentary work, noting Plaintiff's orthopedic history of bilateral knee impairments caused her difficulty in prolonged standing and walking. (*Id.*) However, ALJ Toland determined the record did not support a finding that Plaintiff

12

would frequently lose concentration, be absent for more than four days per month, and required unscheduled breaks. (*Id.*)

In considering the evidence, ALJ Toland concluded "there is not support in the record for frequent loss of concentration, unscheduled absences or breaks." (*Id.*) ALJ Toland explained the record does not indicate Plaintiff experienced physical or mental decompensations so severe to warrant more than four absences per month. (*Id.*) She indicated the record showed Plaintiff was never hospitalized due to her mental health and noted Plaintiff's ability to maintain part-time employment during the relevant period. (*Id.*) ALJ Toland added Dr. Bascara found Plaintiff could manage her own funds, which was contrary to the level of severity he expressed in his opinion. (*Id.*) ALJ Toland further explained she gave partial weight to Dr. Hassanien's medical opinion because his opinion was conclusory and did not provide a function-by-function analysis of Plaintiff's capabilities. (*Id*. at 889–90.) ALJ Toland identified the evidence in the medical opinions she rejected and offered reasons for discounting such evidence. *See Burnett*, 220 F.3d at 121 (finding an ALJ "must give some indication of the evidence which [she] rejects and [her] reason(s) for discounting such evidence"). Therefore, the Court finds ALJ Toland properly provided supporting explanations in affording less weight to the medical opinions of Dr. Bascara and Dr. Hassanien. *See Hoyman*, 606 F. App'x at 679–80 (finding an ALJ "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided") (quoting *Plummer*, 186 F.3d at 429)).

Moreover, to the extent Plaintiff contends ALJ Toland erred by failing to consider other disabling limitations proffered by Dr. Hassanien that would "preclude Plaintiff from performing sedentary work" (ECF No. 18 at 23–24), the record reflects otherwise. Indeed, ALJ Toland credited Dr. Hassanien's opinion regarding her limitation to less than sedentary work. (Tr. 889.)

However, ALJ Toland did not credit Dr. Hassanien's opinion regarding Plaintiff's difficulties in concentration and her need for absences and breaks was not supported by the record, explaining the opinion was conclusory and lacked a function-by-function analysis of Plaintiff's capabilities. ALJ Toland further supported her conclusion with relevant evidence from the record, finding:

> On examination, the claimant demonstrated generally normal concentration skills. She could spell the word "world" both forwards and backwards. In addition, her calculation abilities were fair. She could add $4 and $5 but not subtract $7.50 from $18. . . . However, the claimant reported auditory and visual hallucinations. . . . The examiner noted that due to her psychiatric condition, the claimant would require assistance in managing her funds. . . . On subsequent examination, the claimant was noted to have thought processes that were goal directed and with no evidence of hallucination or delusions.

(Tr. 885.) With respect to Plaintiff's contention ALJ Toland should not have relied on Plaintiff's part-time employment during the relevant period to discount Dr. Hassanien's opinion, Plaintiff's part-time employment was only one of several considerations ALJ Toland evaluated in reaching a conclusion, and "the ALJ is entitled to weigh all evidence in making its finding." *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011) (citing *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986)).

Plaintiff raises similar arguments regarding ALJ Toland's assessment of Dr. Bascara's opinion, asserting ALJ Toland erred by failing to indicate how she considered factors in weighing his opinion. (ECF No. 18 at 35.) However, as explained in the record, ALJ Toland afforded Dr. Bascara's opinion little weight considering Plaintiff was never hospitalized for her mental health condition, maintained part-time employment during the relevant period, and was able to manage her own funds—which contradicted the severity of impairment suggested in Dr. Bascara's medical opinion. *See Cadillac v. Barnhart*, 84 F. App'x 163, 168 (3d Cir. 2003) ("While the ALJ is, of

course, not bound to accept physicians' conclusions, he [or she] may not reject them unless he first weighs them against other relevant evidence and explains why certain evidence has been accepted and why other evidence has been rejected.") (quoting *Kent v. Schweiker*, 710 F.2d 110, 115 n.5 (3d Cir. 1983)). To the extent Plaintiff contends ALJ Toland's explanations for giving Dr. Bascara's opinion little weight are insufficient, factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes*, 228 F.3d at 262; *see* 42 U.S.C. § 405(g); *see also Williams*, 970 F.2d at 1182 (finding in applying the deferential substantial evidence standard of review, the court should not "weigh the evidence or substitute its conclusions for those of the fact-finder"). ALJ Toland's determinations are based on relevant evidence from the record and adequately support her conclusion. *See Newhouse* 753 F.2d at 285 (defining substantial evidence "as relevant evidence which a reasonable mind might deem adequate to support a conclusion"). Accordingly, there is substantial evidence supporting ALJ Toland's findings, and therefore ALJ Toland did not err in the weight she gave to the medical opinions proffered by Dr. Hassanien and Dr. Bascara. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190–91 (3d Cir. 1986) (holding a district court cannot re-weigh the evidence but must affirm if the Commissioner's decision is supported by substantial evidence).

### B.     Plaintiff's Testimony

Plaintiff argues ALJ Toland improperly discounted her testimony regarding her condition without explanation or support in the record. (ECF No. 18 at 36–38.) The Commissioner argues ALJ Toland properly evaluated the intensity and persistence of Plaintiff's symptoms. (ECF No. 19 at 8–10.)

The Regulations require an ALJ to give significant consideration to a claimant's subjective testimony of the inability to perform even light or sedentary work, but only when that testimony

is supported by competent medical evidence. An ALJ may discount a claimant's subjective complaints if they are inconsistent with the evidence of record. 20 CFR § 404.1529(a); *Schaudeck v. Comm'r of Soc. Sec*, 181 F.3d 429, 433 (3d Cir. 1999). Therefore, an ALJ will consider a claimant's statements about the intensity, persistence, and limiting effects of symptoms, but will evaluate those statements "in relation to the objective medical evidence and other evidence," in reaching a conclusion as to whether a claimant is disabled. 20 CFR § 404.1529(c)(4).

Here, ALJ Toland provided a recitation of Plaintiff's testimony concerning the symptoms she allegedly experiences due to her physical and mental impairments. (Tr. 887.) After considering the evidence, ALJ Toland determined Plaintiff's medical impairments could reasonably be expected to cause the alleged symptoms but found "[Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) In explaining her finding, ALJ Toland stated, Plaintiff "demonstrated generally normal functioning" in clinical testing. (*Id.*) ALJ Toland then set forth the evidence she relied on, stating:

> She was able to recite the name of the current president, but not his predecessor. The claimant demonstrated good concentration. She could spell the word "world" both forwards and backwards. Her calculation abilities were fair. She could add $4 and $5 but not subtract $7.50 from $18. Short-term auditory recall memory was fair. She could recall 5 numbers forward and 4 numbers backwards. Abstract thinking was fair. She could not see the similarity between an apple and an orange but she did know that a table and a chair were both furniture. . . . With regard to treatment, the claimant reported that she saw a psychiatrist and was prescribed medication. . . . While the claimant reported she had never been hospitalized due to her mental impairments, she noted that she went to the emergency department after having contact with dead people.

(*Id.*) ALJ Toland also considered Plaintiff's testimony regarding her knee impairments, noting Plaintiff described her knee pain as "throbbing in nature with a moderate intensity." (*Id.* at 888.)

16

ALJ Toland discussed Plaintiff's history of knee impairments and referenced an orthopedic examination Plaintiff underwent where the examiner found Plaintiff demonstrated a normal gait without the use of an assistive device, had no difficulty taking her shoes off and sitting comfortably, and had no reduced range of motion in the bilateral knee. (*Id*.) She reviewed Plaintiff's surgical history as well as other conditions reflected in her medical records, including her obesity which she noted "complicated [Plaintiff's] orthopedic conditions." (*Id*.) ALJ Toland added Plaintiff retained the ability to work part-time during the relevant period despite her impairments and symptomology. (*Id*.)

In sum, ALJ Toland summarized Plaintiff's testimony, chronicled her medical and treatment history, assessed her impairments, and outlined the medical and non-medical evidence she relied on for determining Plaintiff's RFC. ALJ Toland considered Plaintiff's subjective complaints and identified inconsistencies with the evidence of record. *See* 20 CFR § 404.1529(a). In reviewing these findings, there is substantial evidence supporting ALJ Toland's evaluation of the intensity and persistence of Plaintiff's symptoms. Therefore, ALJ Toland properly provided an explanation with support in the record for discounting Plaintiff's testimony regarding her condition. Accordingly, ALJ Toland did not err in evaluating Plaintiff's testimony.

### C.   Vocational Expert Testimony

Plaintiff argues the hypothetical question ALJ Toland posited to the vocational expert was improper because it relied on a flawed RFC and failed to include all the mental limitations of Plaintiff. (ECF No. 18 at 39–41.) The Commissioner argues ALJ Toland properly relied on the vocational expert's testimony that included an RFC supported by substantial evidence and there is no requirement for a hypothetical question to list every impairment alleged. (ECF No. 19 at 11–12.)

17

"A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004); *see Plummer*, 186 F.3d at 431 (finding an ALJ can rely upon a vocational expert's testimony as substantial evidence supporting the ALJ's conclusion where the testimony was in response to a hypothetical that fairly set forth every credible limitation established by the physical evidence). When an ALJ incorporates a claimant's limitations into a hypothetical, "great specificity" and accuracy is required. *Burns v. Barnhart*, 312 F.3d 113, 122 (3d Cir. 2002). In posing hypothetical questions to the vocation expert, the ALJ may not substitute his or her own expertise to refute the record's evidence of the claimant's limitations. *Christie v. Comm'r of Soc. Sec.*, 489 F. App'x 581, 585 (3d Cir. 2012); *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *Plummer*, 186 F.3d at 429. The Court looks to whether the question reflected all impairments supported by the record. *Ramirez*, 372 F.3d at 546.

Here, Plaintiff asserts that the hypothetical posed by ALJ Toland directly relied on her RFC assessment. Plaintiff contests the RFC assessment on the basis ALJ Toland failed to properly weigh medical opinions and evaluate Plaintiff's testimony. (ECF No. 18 at 39–40.) Because the Court determined ALJ Toland did not err in weighing the medical opinions or evaluating Plaintiff's testimony, *supra* § IV.A & B, Plaintiff fails to maintain a basis for challenging ALJ Toland's RFC determination. Moreover, while Plaintiff contends ALJ Toland erred by not including all the mental limitations that she ultimately found—including Plaintiff's "ability to concentrate over time or persist at tasks" (ECF No. 19 at 40)—the record reflects otherwise. Indeed, at the hearing, ALJ Toland posited a hypothetical to the vocational expert about an "employer's tolerance for being off task" at the jobs available to Plaintiff with her limitations. (Tr. 920); *see Mascio v. Colvin*, 780

F.3d 632, 637–38 (4th Cir. 2015) (emphasizing the distinction between the ability to perform simple tasks and the ability to stay on task, explaining "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace"); *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 212 n.13 (3d Cir. 2019) (collecting circuit court of appeals cases adopting "fact-specific approaches to whether an ALJ's chosen limitation is acceptable notwithstanding a finding of difficulties in "concentration, persistence, or pace'"). Accordingly, the Court is satisfied ALJ Toland's conclusions are supported by substantial evidence and the ALJ reasonably considered all the evidence.[6]

## V.    CONCLUSION

For the reasons set forth above, the Court finds Plaintiff failed to show the ALJ erred in determining Plaintiff was not disabled under the Social Security Act. The Commissioner's decision is **AFFIRMED**.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Date: June 27, 2022

---

[6] In her initial claim, Plaintiff claimed disability beginning March 21, 2014. (Tr. 22.) Plaintiff amended her claims to a period of disability from April 8, 2016 through January 1, 2018. (*Id.* at 903.) ALJ Toland mistakenly considered a reference period of March 21, 2014 to December 31, 2017. (*Id*. at 881–92.) Because ALJ Told found Plaintiff was not disabled for the entire reference period, and because the reference period considered encompassed the amended period of disability from April 8, 2016 through January 1, 2018, ALJ Toland's error did not impact the disability determination. Moreover, Plaintiff's appeal chiefly relies on the purported failure of ALJ Toland to credit the medical opinions of her treating physicians. However, the medical opinions at issue are dated in 2014—two years removed from the amended reference period to be considered. (Tr. 897.) Therefore, Plaintiff cannot establish that but for the reference period ALJ Toland considered, she could have proven her disability. *See Holloman*, 639 F. App'x at 814.